**SINNETT LAW, APC.**
Wayne A. Sinnett, Esq. (SBN: 302987)
ws@sinlegal.com
3919 30th Street
San Diego, CA 92104
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff,*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES AMONETTE,** an individual, <br><br> Plaintiff, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.,** <br><br> Defendant. | **Case No.:** '15CV1718 AJB  RBB <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> 1. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;** <br><br> 2. **THE CALIFORNIA IDENTITY THEFT LAW, CAL. CIV. CODE § 1798.93, ET SEQ.;** <br><br> 3. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

///
///
///

## INTRODUCTION

1.  Plaintiff, JAMES AMONETTE, ("Plaintiff") is a victim of identity theft. On the night of May 14, 2015, while Plaintiff's truck was parked in the driveway of his personal residence, an unknown suspect burglarized his vehicle. Plaintiff discovered the burglary the next day and immediately reported the crime to law enforcement at approximately 8:50 a.m. on May 15, 2015. The San Diego County Sheriff's Department dispatched Detective Michael Lane to investigate. Detective Lane observed Plaintiff's vehicle as having been "ransacked." [*See* Police Report, Case No. 15124452; Exhibit 1]. The thief stole Plaintiff's wallet, driver's license, social security card and multiple credit and debit cards. [*Id.*]

2.  Plaintiff reported the burglary to his credit card companies and his bank, Defendant, WELLS FARGO BANK, N.A., ("Wells Fargo" or "Defendant"). When Plaintiff called to cancel his credit cards and notify Defendant of the burglary, he discovered the thief made fraudulent purchases on all five (5) of the stolen credit and debit cards, including both of his Wells Fargo Visa debit cards ending in -4315 and -6559. The thief made approximately 15 fraudulent purchases at Viejas Casino and the surrounding area.

3.  Despite Plaintiff having reported to Defendant the burglary, identity theft, and subsequent fraudulent purchases, Defendant allowed the burglar to enter a Wells Fargo branch in Las Vegas, Nevada and withdraw funds using a forged check, a stolen and *deactivated* debit card, and Plaintiff's stolen driver's license.

4.  Plaintiff continually disputed the fraudulent charges and cash withdrawals, both orally and in writing, stating he is the victim of identity theft. Knowing Plaintiff was the victim of identity theft, Defendant sent Plaintiff's accounts to collections and repeatedly contacted Plaintiff to collect a debt that Defendant's own letters state is the result of "forgery."

5.  As alleged herein, Defendant has repeatedly refused to investigate Plaintiff's claims of identity theft and has instead repeatedly attempted to collect the fraudulent debt in violation of: (i) The Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227 *et seq*.; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iii) The California Identity Theft Law, ("CITL") Cal. Civ. Code § 1798.93, *et seq*.

6.  Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

7.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.  Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

9.  Unless otherwise indicated, any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

10. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

## PARTIES

11. Plaintiff, JAMES AMONETTE, ("Plaintiff") is a natural person who resides in the City of La Mesa, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt, which was due and owing, or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

12. In addition, Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d) and is a "person" as that term is defined by

1   47 U.S.C. § 153(39).

2   13. Defendant, WELLS FARGO BANK, N.A., ("Wells Fargo" or "Defendant") is
3       a financial institution, organized and existing under the laws of the State of
4       California, or is a business organization, from presently unknown, doing
5       business in the State of California and the County of San Diego.

6   14. Defendant, regularly and in the ordinary course of business, engages in "debt
7       collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is
8       therefore a "debt collector" as that term is defined by Cal. Civ. Code §
9       1788.2(c).

10  15. This case involves money, property, or their equivalent, due or owing or
11      alleged to be due or owing, from a natural person by reason of a consumer
12      credit transaction. As such, this action arises out of a "consumer debt" and
13      "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

14  16. Defendant purports to have a claim for money or an interest in property in
15      connection with a transaction procured through identity theft and is therefore a
16      "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

17  17. In addition Defendant is a "person" as that term is defined by 47 U.S.C. §
18      153(39).

19                     **JURISDICTION AND VENUE**

20  18. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. §
21      227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

22  19. The Court has personal jurisdiction over Defendant as Defendant conducts
23      business within the State of California and has purposefully availed itself of
24      the laws and markets of the State of California and this district.

25  20. Venue is proper in the United States District Court, Southern District of
26      California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County
27      of San Diego, State of California, which is within this judicial district; and (ii)
28      the conduct complained of herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff was an individual residing within the State of California.

22. Defendant sent all correspondence to Plaintiff at an address located within the State of California.

23. On the night of May 14, 2015, after Plaintiff parked his vehicle in the driveway of his personal residence, an unknown suspect burglarized Plaintiff's vehicle. Plaintiff discovered the burglary the next morning at 8:50 a.m. on May 15, 2015 and immediately reported the crime to the San Diego County Sheriff's Department, who initialed an investigation and filed a police report (Case No. 15124452).

24. The San Diego County Sheriff's Department dispatched Detective Michael Lane to investigate. Detective Lane reported a thief "ransacked" Plaintiff's vehicle and stole his wallet, driver's license, social security card and five (5) credit and debit cards. [*See* Police Report, Case No. 15124452; Exhibit 1].

25. On the morning of May 15, 2015, Plaintiff reported the burglary to his credit card companies and his bank, Defendant, Wells Fargo. When Plaintiff called to notify Defendant of the burglary, Defendant notified Plaintiff that the thief made fraudulent purchases on both of his Wells Fargo Visa debit cards ending in -4315 and -6559.

26. The Police Report summarizes the fraudulent purchases on the Wells Fargo debit cards as follows: "The Wells Fargo Visa Debit Card (Last four -4315) was used at an El Cajon Circle K #094 for $62.44 worth of gas. The Wells Fargo Visa Debit Card (Last four -6559) was used to make an $880 and $840 withdraws at Viejas [Casino], and four $218.99 purchases (total being $875.96) at Viejas [Casino]." [*See* Exhibit 1 at p. 4].

27. One of the debit cards is associated with Plaintiff's Wells Fargo bank account ending in -6940 and the other debit card is associated with Plaintiff's bank

account ending in -1470. When Plaintiff notified Defendant of the burglary on May 15, 2015, he initiated a fraud and identity theft claim with respect to both the debit cards and all of his bank accounts maintained with Defendant, including, but not limited to, his banks accounts ending in -6940 and -1470.

28. At this time Defendant informed Plaintiff that it would deactivate both cards and place a fraud alert on both bank accounts.

29. On or about July 16, 2015, Defendant sent Plaintiff a letter confirming the transactions associated with the account ending in -1470 were fraudulent and unauthorized; as such, all charges, fees, and interest were waived. [*See* July 16, 2015 Letter; Exhibit 2].

30. The outcome for the account ending in -6940 was quite different. On May 27, 2015 at 4:03 p.m., the thief who burglarized Plaintiff's vehicle and stole his identity deposited a forged check (the "Forged Check" or the "debt") for $950.00 at a Wells Fargo Bank branch located at 3433 South Maryland Parkway, Las Vegas, Nevada 89169.

31. Defendant's bank teller allowed the thief to deposit the forged check with Plaintiff's stolen driver's license and the *deactivated* and stolen debit card associated with Plaintiff's bank account ending in -6940. [*See* Forged Check; Exhibit 3]. The teller then allowed the thief to withdrawal $830.00 in cash of the total $950.00 of the forged check. Plaintiff alleges on information and belief that the teller allowed the thief to make the withdrawal notwithstanding the fraud alert Defendant placed on the account ending in -6940; and further, that the teller did not require the thief enter the personal identification number or "PIN" associated with the debit card.

32. Being that the check was forged it was returned unpaid and Defendant mailed Plaintiff a letter on May 29, 2015 attempting to collect the balance on the forged check of $950.00. [*See* May 29, 2015 Debt Collection Letter; Exhibit 4]. The letter also states Defendant deducted the forged check from Plaintiff's

account ending in -6940, causing the account to become overdrawn, and directed Plaintiff to transfer funds to "bring [the] account to a positive balance." [*Id.*].

33. Ironically, Defendant's May 29, 2015 Letter even admits the check was a fraud stating, "your account has been charged for the following paper items(s) returned unpaid: **Forgery** [Amount:] 950.00."

34. At the time Defendant sent the May 29, 2015 letter, Plaintiff's account was already "overdrawn" dictating the negative balance referenced therein was already past due, in default, and "due and owing" or alleged to be "due and owing" as those terms are defined by Cal. Civ. Code § 1788.2(d) before the letter was sent to Plaintiff.

35. Plaintiff did not make the May 29, 2015 deposit or withdrawal, nor did he authorize any such deposit or withdrawal to be made on his behalf. As Defendant's letter states, the withdrawal and deposit resulted from a forged check. As such, Plaintiff is not obligated to pay any such amount alleged to be due and owing from said transactions as they are the result of a forged check and identity theft. However, Defendant has demanded payment upon the alleged debt knowing it was the result of identity theft.

36. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

37.   On June 23, 2015 at 8:11 a.m. and at 8:45 a.m., Defendant contacted Plaintiff by telephone using the telephone number (877) 647-8551. During the 8:45 a.m. call, Defendant's employee and/or agent stated that he was a debt collector attempting to collect the debt resulting from the Forged Check, resulting overdraft, and past due balance. During this call Plaintiff informed Defendant's debt collector that: (i) Plaintiff was the victim of identity theft with respect to the alleged debt; (ii) that Plaintiff was not responsible for the alleged debt; and (iii) that Plaintiff refused to pay the alleged debt.

38.   Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

39.   During the 8:45 a.m. June 23, 2015 phone call, Plaintiff orally claimed and reported to Defendant he was the victim of identity theft. Defendant did not advise Plaintiff orally or in writing that Plaintiff's identity theft claim must be made in writing.

40.   Through this conduct, Defendant violated Cal. Civ. Code § 1788.18(c) by failing to notify plaintiff that his identity theft claim must be made in writing.

41.   On June 24, 2015 at 10:23 a.m., Defendant again contacted Plaintiff by telephone in an attempt to collect upon the Forged Check and resulting debt using the same number, (877) 647-8551. Responding to the missed call, Plaintiff contacted Defendant who again attempted to collect upon the debt resulting from the forged check, subsequent overdraft, and resulting past due

1  balance.

2  42. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making
3  false, deceptive, and misleading representations in connection with the
4  collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations
5  regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. §
6  1692e(10) by using false representations or deceptive means to collect or
7  attempt to collect a debt; (iv) and 15 U.S.C. § 1692f by using unfair or
8  unconscionable means to collect or attempt to collect a debt. These sections
9  are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus,
10  Defendant also violated Cal. Civ. Code § 1788.17.

11  43. On June 23, 2015, Plaintiff faxed a letter to Defendant's Fraud and Identity
12  Theft Department disputing the debt, the forged check, and again claiming
13  and reporting to Defendant that he is the victim of identity theft. [*See* June 23,
14  2015 Fax; Exhibit 5]. Plaintiff sent the fax to Defendant at (855) 749-0727,
15  which was the number provided to Plaintiff by Defendant's Fraud and Identity
16  Theft Department. That number has also been confirmed as belonging to
17  "Wells Fargo Bank" by a licensed private investigator.

18  44. This faxed letter displays the full account number ending in -6940 and
19  references the multiple fraud claims Plaintiff had lodged regarding the
20  account. The letter also disputes the Forged Check stating, "The thief used my
21  stolen ID, and the stolen and deactivated debit card to cash a check in Las
22  Vegas."

23  45. Attached to the faxed letter was a printout of the forged check along with a
24  copy of plaintiff's work time card, which Plaintiff and his manager signed.
25  [*See* Exhibit 5]. The time card shows Plaintiff was working in El Cajon,
26  California when Defendant cashed the forged check in Las Vegas, Nevada,
27  which is over 300 miles away. Plaintiff even offered to have his employer
28  contact Defendant to authenticate his time card.

46. Plaintiff also included as an attachment to the faxed letter, a specimen copy of his signature for Defendant to compare against the forged check.

47. Finally, the letter cites the police report Plaintiff filed listing the case number and investigating detective Michael Lane's contact phone number.

48. The June 23, 2015 faxed letter provided written notice to Defendant that a situation of identity theft might exist pursuant Cal. Civ. Code § 1798.93(c)(5).

49. Through the June 23, 2015 faxed letter, Plaintiff made a written claim to Defendant that he was the victim of identity theft which omitted information required by Cal. Civ. Code § 1788.18(a), namely a police report, and lacked a certification as required by Cal. Civ. Code § 1788.18(b)(3). Defendant did not provide written notice to Plaintiff of the additional information required under Cal. Civ. Code § 1788.18(a) or the certification required under Cal. Civ. Code § 1788.18(b)(3).

50. Through this conduct, Defendant violated Cal. Civ. Code § 1788.18(c) by failing to provide Plaintiff written notice of the additional information required under Cal. Civ. Code § 1788.18(a) or of the certification required under Cal. Civ. Code § 1788.18(b)(3).

51. On July 1, 2015, Plaintiff sent Defendant another letter by fax to Defendant's Fraud and Identity Theft Department at (855) 749-0727. [*See* July 1, 2015 Fax; Exhibit 6].

52. The letter plainly states, "I am the victim of identity theft." The letter specifically references the bank account ending in -6940 and describes in detail the burglary, identity theft, and subsequent check forgery.

53. Moreover, the letter was properly certified by Plaintiff pursuant to Cal. Civ. Code § 1788.18(b)(3) and contained all information required by Cal. Civ. Code § 1788.18(a). Specifically included with the letter was: (i) the police report; (ii) a written statement that Plaintiff claims to be the victim of identity theft with respect to the specific debt being collected by the debt collector;

(iii) a written statement that certifies that the representations are true, correct, and contain no material omission of fact; (iv) a copy of Plaintiff's driver's license; (v) identification documentation that supports the statement of identity theft; (vi) specific facts supporting the claim of identity theft; (vii) an explanation showing that Plaintiff did not incur the debt; (viii) correspondence disputing the debt after the transaction information had been provided to Plaintiff; (ix) documentation of Plaintiff's residency; (x) a statement directing all further communications be made in writing; (xi) to the extending available, identification of any person whom Plaintiff believes incurred the debt; and (xi) an express statement that Plaintiff did not authorized the use of his name or personal information for incurring the debt.

54. Cal. Civ. Code § 1788.18(a) requires Defendant cease all collection activity after receiving the July 1, 2015 letter until an investigation is conduced pursuant to Cal. Civ. Code § 1788.18(d). Defendant did not commence any such review, nor did Defendant provide written notification of the results of any such review to Plaintiff prior to recommencing debt collection activities pursuant to Cal. Civ. Code § 1788.18(d).

55. On July 2, 2015 at 9:56 a.m., Defendant telephoned Plaintiff to collect upon the forged check and resulting overdraft debt.

56. Through this conduct, Defendant violated Cal. Civ. Code § 1788.18(a) by failing to cease all collection activities after receiving Plaintiff's July 1, 2015 letter; and/or Cal. Civ. Code § 1788.18(d) by failing to commence a review and/or by failing to provide Plaintiff written notification of the results of any such review prior to recommencing debt collection activities.

57. When Defendant contacts Plaintiff by telephone it uses an artificial and/or a prerecorded voice to announce that it will be monitoring and/or recording its phone calls with Plaintiff. After this artificial or prerecorded voice is played to the caller there is an audible click and the call is transferred to an actual

person.

58. Defendant therefore uses an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227 (a)(1) and/or used an artificial or prerecorded voice as those terms are defined and used by 47 U.S.C. § 227 (b)(1)(A).

59. The telephone call Defendant made on July 2, 2015 was made to Plaintiff's cellular telephone ending in -3377. Plaintiff alleges on information and belief that Defendant used an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227 (a)(1) and/or used an artificial or prerecorded voice as those terms are defined and used by 47 U.S.C. § 227 (b)(1)(A) to place the July 2, 2015 call to Plaintiff.

60. The ATDS used for this call has the capacity to store or produce telephone numbers to be dialed using a random or sequential number generator.

61. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

62. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

63. Through Plaintiff's July 1, 2015 faxed letter, described in paragraph 51 of this Complaint, Plaintiff revoked his consent to be contacted by Defendant by telephone stating, "Please don't call me, if you need to get ahold of me use the address listed above." [*See* Exhibit 6]. Through Plaintiff's July 1, 2015 letter, Plaintiff revoked his consent to be contacted by telephone, including being contacted by telephone using an ATDS, prerecorded, or artificial voice, within the meaning of the TCPA, 47 U.S.C. § 227, *et seq*. Thus, the July 2, 2015 call was made without the prior express consent of Plaintiff.

64. Through this conduct, Defendant violated 47 U.S.C. § 227 (b)(1)(A) by making any call, other than a call made for emergency purposes or made with

the prior express consent of the called party, using an automatic telephone dialing system and/or an artificial or prerecorded voice.

65. On July 15, 2015, Defendant again contacted Plaintiff by mail in an attempt to collect upon the Forged Check and resulting alleged debt. [*See* July 15, 2015 Debt Collection Letter; Exhibit 7].

66. This letter was sent from Defendant's "Overdraft Collections Department" and is signed by "Chad Spangler" who is employed as Defendant's "Collection Manager." The letter also plainly states Defendant is a debt collector as the bottom of the letter reads, "…this communication is an attempt to collect a debt and that information obtained will be used for that purpose." [*See* Exhibit 7].

67. The letter goes to state, "Your account is overdrawn" and "We are writing to let you know that your account ending in 6940 has been overdrawn by $908.60 for 47 days."

68. The July 15, 2015 letter again attempts to collect upon a debt which resulted from the Forged Check and identity theft. Furthermore, the letter violates the identity theft cease and desist effected by Plaintiff's July 1, 2015 letter.

69. Through this conduct, Defendant violated Cal. Civ. Code § 1788.18(a) by failing to cease all collection activities after receiving Plaintiff's July 1, 2015 letter; and/or Cal. Civ. Code § 1788.18(d), by failing to commence a review and/or by failing to provide Plaintiff written notification of the results of any such review prior to recommencing debt collection activities.

70. On July 29, 2015, Defendant again contacted Plaintiff by mail in an attempt to collect upon the Forged Check and resulting alleged debt. [*See* July 29, 2015 Debt Collection Letter; Exhibit 8].

71. This letter was sent from Defendant's "Overdraft Deposit Collections and Recovery Department." This letter also states Defendant is a debt collector as the bottom of the letter reads, "…this communication is an attempt to collect a

debt and that information obtained will be used for that purpose." [*See* Exhibit 8].

72. The letter goes to state, "We have closed the above-referenced account because of its prolonged overdrawn status…" and "You can avoid **further collection action** by paying the total amount due of $908.60…"

73. The July 29, 2015 letter again attempts to collect upon a debt which resulted from the Forged Check and identity theft. Furthermore, the letter violates the identity theft cease and desist effected by Plaintiff's July 1, 2015 letter.

74. Through this conduct, Defendant violated Cal. Civ. Code § 1788.18(a) by failing to cease all collection activities after receiving Plaintiff's July 1, 2015 letter; and/or Cal. Civ. Code § 1788.18(d), by failing to commence a review and/or by failing to provide Plaintiff written notification of the results of any such review prior to recommencing debt collection activities.

75. In sum, Plaintiff has continually asserted that he is the victim of identity theft with regards to the alleged debt. Yet, Defendant has undertaken no investigation and continues to attempt to collect a debt fraudulently incurred though the theft of Plaintiff's identity.

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

78. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

79. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION FOR INTENTIONAL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

82. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

83. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT LAW ("CITL") CAL. CIV. CODE § 1798.93, ET SEQ.

84. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint, as though fully stated herein.

85. The foregoing acts and omissions constitute numerous and multiple violations of the CITL.

86. Plaintiff brings this cause of action pursuant to Cal. Civ. § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claim of Defendant based upon an alleged debt resulting from identity theft.

87. Plaintiff has provided written notice to Defendant that a situation of identity theft may exist with respect to the alleged debt though his faxes send on June

23, 2015 and July 1, 2015. Defendant has failed to diligently investigate Plaintiff's notifications of identity theft. Defendant has also continued to pursue its alleged claim against Plaintiff after it was presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. § 1798.93.

88. This conduct has caused plaintiff damages, including but not limited to, Defendant withdrawing funds from Plaintiff's bank account to cover the alleged "overdraft," the outstanding balance of the alleged debt, lost wages, and emotional distress.

89. As a result of each and every violation of the CITL, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6).

90. In addition, plaintiff is entitled to a declaration that he is not obligated to Defendant on the claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendant purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction retraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

///

///

///

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

91. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

92. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

93. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

94. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C);

- Injunctive relief Pursuant to 47 U.S.C. § 227(b)(3)(A);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of any equitable relief the court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A declaration that Plaintiff is not obligated to Defendant on the claim pursuant to Cal. Civ. Code § 1798.93(c)(1);
- A declaration that any security interest, or other interest, Defendant purportedly obtained in Plaintiff's property, in connection with the claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);
- An injunction retraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforce or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);
- The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection practices stated herein.
- Any and all other relief that this Court deems just and proper.

///

///

///

---

Dated: August 3, 2015                    Respectfully submitted,

                                         **SINNETT LAW, APC.**

                                   BY: /s/ WAYNE A. SINNETT
                                       WAYNE A. SINNETT, ESQ.
                                       ATTORNEY FOR PLAINTIFF


## TRIAL BY JURY

95.   Pursuant to the Seventh Amendment in the Constitution of the United States
      of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: August 3, 2015                    Respectfully submitted,

                                         **SINNETT LAW, APC.**

                                   BY: /s/ WAYNE A. SINNETT
                                       WAYNE A. SINNETT, ESQ.
                                       ATTORNEY FOR PLAINTIFF